IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC. | CV 12–55–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LEMON CREEK RANCH, LLC, and REID ROSENTHAL, | |
| Defendants. | |

Defendants Lemon Creek Ranch, LLC, and Reid Rosenthal (collectively, "Defendants") have filed a motion to vacate the current scheduling order "as it relates to discovery" and enlarge the time for discovery by four to five months. As Defendants recognize in their reply brief, the requested relief would also require the Court to vacate the other deadlines the parties agreed to, including the trial date. For the reasons discussed below, Defendants' motion is denied.

I.

As a preliminary matter, the Court notes that Defendants' motion and briefs do not comply with the Local Rules. They are not in 14-point font and the briefs

do not include certificates of compliance as required under Rule 7.1.  Nor is the exhibit identified and electronically filed so as to allow the Court and the parties to locate it easily and refer to it without ambiguity.  *See* L.R. 7.2.  Future filings must comply with the Local Rules.  The Local Rules are available at http://www.mtd.uscourts.gov/rulesorders.html.

## II.

The parties submitted their Joint Discovery Plan to the Court on December 26, 2012.  They agreed to serve their initial disclosures on each other by January 31, 2013, and proposed a discovery deadline of May 28, 2013.  At the preliminary pretrial conference in January, the Court adopted the parties' discovery deadline and set the motions deadline for June 28, 2013, and trial for October 7, 2013.  At no time did Defendants indicate these deadlines were unsatisfactory.

Plaintiff DLJ Mortgage served its initial disclosures on Defendants by the deadline the parties had agreed to, but Defendants did not serve their initial disclosures until April 5, 2013.  Defendants' decision to delay their initial disclosures for over two months beyond the deadline delayed the commencement of discovery.  Under the Court's October 19, 2012 Order, Defendants could not commence discovery until they provided their initial disclosures to DLJ Mortgage.

DLJ Mortgage responded to Defendants' First Set of Discovery Requests on

May 9, 2013. On May 17, 2013, Defendants served a set of supplemental discovery requests on DLJ Mortgage. These requests were untimely as they were not served in time to allow DLJ Mortgage 30 days to respond before the discovery deadline expired.

Though Defendants' supplemental discovery requests were untimely, the Court will require DLJ Mortgage to respond to them outside the discovery period if it has not done so already. DLJ Mortgage received Defendants' first set of discovery requests on March 1, 2013. It was within its rights to refuse to respond to the requests until it received Defendants' initial disclosures, but it then delayed its response for over a month after that, finally responding May 9, 2013. Any supplemental request Defendants filed at that time would have been too late to allow 30 days for a response.

The Court will not otherwise extend the discovery deadline or trial date. The parties were notified in the Court's January 10, 2013 Scheduling Order that the deadlines set in that order would not be continued absent compelling reasons. Defendants have not shown compelling reasons to extend the discovery or trial deadlines. Defendants failed to honor the deadlines they agreed to and have shown no cause for their delay. The discovery challenges they describe (doc. 42 at 3–4) were predictable and should have been addressed earlier.

Of course, under Rule 26(e), all parties have a continuing duty to supplement their discovery responses if the prior responses were "incomplete or incorrect" and "additional or corrective information has not otherwise been made known to" their opponent during discovery or in writing. Fed. R. Civ. P. 26(e)(1).

Accordingly, IT IS ORDERED that Defendants' motion to vacate the scheduling order and enlarge the time for discovery (doc. 41) is DENIED.

IT IS FURTHER ORDERED that DLJ Mortgage shall respond to Defendants' May 17, 2013 supplemental discovery requests no later than June 21, 2013, if it has not done so already.

Dated this 5th day of June 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court